Attorneys—W. J. Geer, for Waltbillig; Scroggs & Monnett and Babst & Glesser, for Burke.

---

No. 734

NOYER v. PICKERING

Ohio Appeals, Third District, Crawford County
No. 945. Decided July 11, 1923

This opinion has not been published except in Abstract.

231. LANDLORD AND TENANT.

Rent—Landlord's right to apply tenant's payment on back rent, where checks for are otherwise specially endorsed.

HUGHES, J.

Epitomized Opinnion

Action to recover alleged blance due for rent. Noyer was conducting a theatre in Pickering's building. The latter allowed a rent reduction of $25 per month for a period of months in dispute. This suit was to recover a claimed balance of $75. Noyer sent Pickering two checks, one for $200 dated Nov. 1, 1920, with an endorsement thereon, "For Nov. 1920 rent." The other for $250 dated Nov. 8, 1920, endorsed "Balance due on rent to Nov. 1, 1920." These two checks were returned to Noyer by Pickering but Noyer again sent them to Pickering who cashed them in February, but the endorsement had been scratched off the $200 check. Pickering gave credit on the back rent to Nov. 1, 1920. In affirming the judgment for Pickering, the Court of Appeals held:

1. There was sufficient evidence to be submitted to the jury for its determination, and the motion to direct a verdict was properly overruled. (The court does not give any reason for affirming the judgment.)

Attorneys—W. J. Schwenck and B. Meck, for Noyer; J. W. McCarron and E. J. Myers, for Pickering.

---

No. 735

FIRST NAT. BANK OF VAN WERT v. COIL et al

Ohio Appeals, Third District, Mercer County
No. 373. Decided April 12, 1923

This opinion has not been published except in Abstract.

250. MECHANICS' LIENS.

Although seller retains title to materials used in construction of building, annexation to the real estate renders them subject to a mortgage on the real estate.

WARDEN, J.

Epitomized Opinion

The National Bank of Van Wert, Ohio, filed an action to foreclose a mortgage on certain land belonging to Coil. To this petition the Portable Elevator Mfg. Company filed a cross-petition alleging that it sold and delivered certain materials to Coil for the construction of a corn crib on his farm. The Elevator Company also claimed that it retained title to this building by contract and thereby tained a lien for the cost of the building. As the lower court held for the defendant, the Bank prosecuted error. In holding that the Portable Elevator Company had no claim as against the corn crib the Court of Appeals held:

1. As the material which went into the crib became part of the real estate, the defendant Manufacting Company lost its claim to the same and also lost any lien which it may have had.

Attorneys—Loree & Kloeb, Conn & Wright, for Bank; Clem V. Hoke. E. L. Bryson and E. E. Jackson for Coil.